IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GLENNIS NEWTON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. **3:18-CV-959-L** |
| **U.S. BANK NATIONAL ASSOCIATION,** | § | |
| *as trustee*, **and OCWEN LOAN** | § | |
| **SERVICING,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment (Doc. 13), filed April 15, 2019. After considering the motion, response, briefs, competent summary judgment evidence, record, and applicable law, the court **grants** Defendant's Motion for Summary Judgment (Doc. 13); **denies as moot** Defendants' Objections and Motion to Exclude Plaintiff's Evidence in Opposition to Motion for Summary Judgment (Doc. 22-1); and **dismisses with prejudice** all claims asserted by Plaintiff against Defendants in this action.

### I.  Factual and Procedural Background

Glennis Newton ("Plaintiff" or "Newton") originally brought this action against Defendants U.S. Bank National Association, as Trustee, and Ocwen Loan Servicing, LLC (collectively, "Defendants") in state court on April 2, 2018, asserting claims for breach of contract, fraud, negligent misrepresentation, violations of the Texas Debt Collection Practices Act ("TDCPA"), breach of the duty of cooperation, and promissory estoppel. Plaintiffs claims all pertain to

Defendants' conduct in connection with the foreclosure of her property and her request for a loan modification. The case was removed to federal court on April 16, 2018, based on diversity jurisdiction. Defendants moved for summary judgment on all claims asserted by Plaintiff on April 15, 2019.

II.     **Summary Judgment Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense

to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

III.   Analysis

Defendants contend that they are entitled to summary judgment on all of Plaintiff's claims. Defendants assert that, because Plaintiff failed to respond to their Requests for Admissions, she is

deemed to have admitted all of the matters included in the requests. Alternatively, Defendants contend that Newton's claims fail for other reasons.

In response, Plaintiff contends that Defendants breached the Deed of Trust by failing to provide her with notification of the intent to accelerate the amount due before foreclosing on her home. She further asserts that Defendants made misrepresentations in connection with her mortgage assistance in the form of a loan modification agreement and forbearance agreement. For support, Plaintiff relies on her affidavit, but she does not address Defendants' contention that she is deemed to have admitted all Requests for Admissions that she failed to deny. She also does not address Defendants' contentions regarding her claims and requests for relief based on theories of promissory estoppel and breach of the duty of cooperation.

Under Federal Rule of Civil Procedure 36, if a party does not respond to a request for admission within 30 days, the matter is deemed admitted. Fed. R. Civ. P. 36(a)(3); *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) ("Under [Rule 36], a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Further, "[a] matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "[I]f the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (per curiam) (quoting *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

Similarly, when a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned. *See Black v. Panola Sch. Dist.*, 461

F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then . . . by drawing on the pleadings resurrect the abandoned issue").

Here, Defendants submitted evidence establishing that Newton did not respond to their Requests for Admission. Defendants' Requests for Admission sought Plaintiff to admit that they did not breach any term of the Note, Deed of Trust, or second loan modification; that Defendants had a contractual right to foreclose on her property as a result of her default on her mortgage; and that Defendants did not make any misrepresentations on which Plaintiff relied to her detriment. Having failed to deny Defendants' Requests for Admissions, the foregoing facts are deemed admitted, and they are conclusively established, as no motion to withdraw the matters deemed admitted has been filed by Newton, and the court has not permitted any admitted matter to be withdrawn. As such, Plaintiff cannot establish a genuine dispute of material fact as needed for her breach of contract, fraud, negligent misrepresentation, and TDCPA claims.* Further, as Plaintiff failed to respond to

---

* Under Texas law, breach of the contract by the defendant is an essential element of a contract claim. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citation omitted). As Plaintiff is deemed to have admitted that Defendants did not breach any contracts that form the bases for her contract claim, this claim fails as a matter of law. Common law fraud requires proof of a material misrepresentation by the defendant that the plaintiff actually and justifiably relied upon to his or her detriment. *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (elements of fraud). Negligent misrepresentation similarly requires evidence that the defendant supplied false information, and the plaintiff suffered pecuniary loss by justifiably relying on the representation. *General Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005) (citation omitted). The false information must be a misstatement of existing fact, rather than a promise of future conduct. *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Regarding her fraud claim, Plaintiff contends that, "[e]ven though Defendants told [her] she could apply for a loan modification, they then denied that modification application" on the ground that "[t]he owner of your loan does not allow modifications." Pl.'s Resp. 6. In support of her negligent misrepresentation and TDCPA claims, Plaintiff contends that Defendants violated the TDCPA when they made misrepresentations during loan modification negotiations, and they negligently misrepresented and misstated her "ability . . . to apply for and obtain a loan modification," and she

**Memorandum Opinion and Order – Page 5**

Defendants' arguments regarding her claims and requests for relief based on theories of promissory estoppel and breach of the duty of cooperation, the court determines that she has abandoned these claims. As no genuine dispute of material fact exists regarding any of Plaintiff's claims, Defendants are entitled to judgment as a matter of law on all claims asserted by Plaintiff. Having determined that Plaintiff's claims fail as a matter of law for the reasons stated, the court need not address Defendants' other summary judgment grounds or the parties' contentions in this regard, and **denies as moot** Defendants' Objections and Motion to Exclude Plaintiff's Evidence in Opposition to Motion for Summary Judgment (Doc. 22-1).

## IV. Conclusion

For the reasons stated, the court concludes that Plaintiff has failed to raise a genuine dispute of material fact as to any of her claims, and Defendants are entitled to judgment as a matter of law. The court, therefore, **grants** Defendants' Motion for Summary Judgment (Doc. 13) and **dismisses with prejudice** all claims asserted by Plaintiff against Defendants in this action. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

---

"relied on Defendants' representations to her detriment, as she continued to apply for the loan modification." *Id.* at 9-10. Any misrepresentations by Defendants or reliance on such representations that form the bases of Plaintiff's fraud and TDCPA claims is insufficient to raise a genuine dispute of material fact in support of these claims, given her deemed admissions that Defendant made no misrepresentations that she relied upon to her detriment. Further, representations regarding future loan modifications are not actionable as negligent misrepresentations. *See Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 342 (5th Cir. 2012) (determining that claim of negligent misrepresentation was properly dismissed, as representations regarding future loan modifications and foreclosure constitute promises of future action rather than representations of existing fact); *Defranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 325 (N.D. Tex. 2011) ("Defendants correctly argue that the alleged promise to modify the note and delay foreclosure in the future is not a statement of existing fact.").

**It is so ordered** this 6th day of August, 2019.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge